UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| NOAH MICHAEL MILLER, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 1:20-cv-03195-JPH-TAB |
| JOHNSON, et al. | ) ) ) |
| Defendants. | ) |

**Order Screening Complaint and Directing Further Proceedings**

Plaintiff Noah Miller, an inmate at the New Castle Correctional Facility, brings this action pursuant to 42 U.S.C. § 1983 alleging that his civil rights have been violated. Because the plaintiff is a "prisoner" as defined by 28 U.S.C. § 1915A(c), this Court has an obligation under 28 U.S.C. § 1915A(a) to screen his complaint before service on the defendants.

## I. Screening Standard

Pursuant to 28 U.S.C. § 1915A(b), the Court must dismiss the complaint, or any portion of the complaint, if it is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. In determining whether the complaint states a claim, the Court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017). To survive dismissal,

> [the] complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

1

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Pro se complaints such as that filed by the plaintiff are construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers. *Cesal*, 851 F.3d at 720 (citing *Perez v. Fenoglio*, 792 F.3d 768, 776 (7th Cir. 2015)).

## II. Discussion

Mr. Miller sues (1) Nurse Johnson; (2) R. Schilling; (3) Wexford of Indiana; and (4) GEO Group, Inc. He alleges that Nurse Johnson and R. Schilling have failed to treat him for pain in his left ear and, as a result, he has suffered hearing loss.

Based on the screening standard set forth above, Mr. Miller's claims against Nurse Johnson and R. Schilling shall proceed under the Eighth Amendment as claims that these defendants exhibited deliberate indifference to his serious medical needs.

Mr. Miller's claims against Wexford and GEO Group, Inc. are **dismissed.** Because Wexford and GEO act under color of state law by contracting to perform a government function, i.e., providing medical care to prisoners and running a correctional institution, they are treated as government entities for purposes of Section 1983 claims. *See Minix v. Canarecci*, 597 F.3d 824, 832 (7th Cir. 2010). Wexford and GEO therefore "cannot be held liable for damages under 42 U.S.C. § 1983 on a theory of *respondeat superior* for constitutional violations committed by their employees. They can, however, be held liable for unconstitutional … policies or customs." *Simpson v. Brown County*, 860 F.3d 1001, 1005-6 (7th Cir. 2017) (citing *Monell v. Dep't of Social Services*, 436 U.S. 658, 690-91 (1978)). Mr. Miller has not asserted that the alleged denial of his rights resulted from a policy or practice on Wexford or GEO's part.

This summary of claims includes all of the viable claims identified by the Court. If the plaintiff believes that additional claims were alleged in the complaint, but not identified by the Court, he shall have **through June 17, 2021,** in which to identify those claims.

### III. Conclusion and Service of Process

The **clerk shall terminate** Wexford of Indiana and GEO Group, Inc. as defendants on the docket. The **clerk is directed** pursuant to Fed. R. Civ. P. 4(c)(3) to issue process to defendants Johnson and Schilling in the manner specified by Rule 4(d). Process shall consist of the complaint dkt. [1], applicable forms (Notice of Lawsuit and Request for Wavier of Service of Summons and Waiver of Service of Summons), and this Order.

Defendants Johnson and Schilling are identified as employees of Wexford of Indiana, LLC. A copy of this Order and the process documents shall also be served on Wexford electronically. Wexford is ORDERED to provide the full name and last known home address of any defendant who does not waive service if they have such information. This information may be provided to the Court informally or may be filed ex parte.

**SO ORDERED.**

Date: 5/25/2021

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

NOAH MICHAEL MILLER
281583
NEW CASTLE - CF
NEW CASTLE CORRECTIONAL FACILITY - Inmate Mail/Parcels
1000 Van Nuys Road
NEW CASTLE, IN 47362

Nurse Practitioner Johnson
MEDICAL EMPLOYEE
New Castle Correctional Facility
1000 Van Nuys Road
New Castle, IN 47362

R. Schilling
MEDICAL EMPLOYEE
New Castle Correctional Facility
1000 Van Nuys Road
New Castle, IN 47362

Electronic Service to Wexford of Indiana LLC