UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| NOAH MICHAEL MILLER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:20-cv-03195-JPH-TAB |
| | ) | |
| JOHNSON, et al. | ) | |
| | ) | |
| Defendants. | ) | |

**Order Granting Motion for Summary Judgment
and Directing Entry of Final Judgment**

Plaintiff Noah Miller, an inmate of the Indiana Department of Correction ("IDOC") at New Castle Correctional Facility ("NCCF"), filed this lawsuit pursuant to 42 U.S.C. § 1983 alleging that the defendants have failed to treat him for pain in his left ear. The defendants seek summary judgment arguing that Mr. Miller failed to exhaust his available administrative remedies as required by the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e, before filing this lawsuit. For the following reasons, the defendants' motion for summary judgment is **GRANTED**.

**I. Summary Judgment Standard**

Summary judgment shall be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A "material fact" is one that "might affect the outcome of the suit." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The moving party must inform the court "of the basis for its motion" and specify evidence demonstrating "the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the moving party meets this burden, the nonmoving party must "go beyond the pleadings" and identify "specific facts showing that there is a genuine issue for trial." *Id.* at 324.

In ruling on a motion for summary judgment, the Court views the evidence "in the light most favorable to the non-moving party and draw[s] all reasonable inferences in that party's favor." *Zerante v. DeLuca*, 555 F.3d 582, 584 (7th Cir. 2009) (citation omitted). It cannot weigh evidence or make credibility determinations on summary judgment because those tasks are left to the fact-finder. *See O'Leary v. Accretive Health, Inc.*, 657 F.3d 625, 630 (7th Cir. 2011). The Court need only consider the cited materials, Fed. R. Civ. P. 56(c)(3), and is not required to "scour every inch of the record" for evidence that is potentially relevant to the summary judgment motion before them. *Grant v. Trustees of Ind. Univ.*, 870 F.3d 562, 573–74 (7th Cir. 2017).

## II. Facts

Because the defendants have moved for summary judgment under Rule 56(a), the Court views and recites the evidence "in the light most favorable to the non-moving party and draw[s] all reasonable inferences in that party's favor." *Zerante*, 555 F.3d at 584 (citation omitted).

Pursuant to IDOC policy, an offender grievance program is in place at NCCF. Dkt. 23-1 ¶ 6. It is intended to promote prompt and effective resolution of a broad range of issues and complaints that inmates may have. *Id.*

The following steps are required for successful exhaustion of the formal grievance process, following an attempt at informal resolution by communicating with staff at the facility: (1) a formal grievance, (2) a Level 1 grievance appeal to the Warden or Warden's designee, and (3) a Level 2 grievance appeal to the Department Grievance Manager. *Id.* ¶ 7. Successful exhaustion of the grievance process requires timely pursuing each step of the process. *Id.* ¶ 8.

A review of Mr. Miller's grievance history reveals that he filed a grievance on July 22, 2020, regarding his allegations in this case. *Id.* ¶ 10; dkt. 23-3. On August 17, 2020, Mr. Miller was given a response to the grievance that stated that he had been seen by the medical provider for

his ear issues and that he did not need treatment. Dkt. 23-1 ¶ 11; dkt. 23-4. Mr. Miller indicated on the grievance response form that he disagreed, and a grievance appeal form was provided to him on August 21, 2020. Dkt. 23-1 ¶ 12; dkt. 23-4. He had five business days to file his appeal. Dkt. 25 ¶ 4. According to his grievance records, Mr. Miller never filed an appeal. Dkt. 23-1 ¶ 13.

Mr. Miller states that he did appeal because he gave his appeal form to the law library clerk on August 27, 2020, and she told him that she would turn it in for him. Dkt. 25 ¶ 5. He explains that because he was in a lockdown unit, any mail given to the law library clerk should be sent to the correct department. *Id.* ¶ 6. Mr. Miller inquired several times about the status of his appeal, but when he learned that his appeal had never been turned in, he had already missed his appeal deadline. *Id.* ¶ 8. According to the grievance policy, when an inmate does not receive a response to an appeal, "the result shall be that the … appeal is deemed to have been denied and the offender is permitted to proceed to the next step of the grievance process, if any step remains." Dkt. 23-5 at 14.

### III. Discussion

The defendants argue that Mr. Miller failed to exhaust his available administrative remedies because he did not appeal the denial of his grievance as required by the grievance policy.

#### A. Applicable Law

The PLRA requires that a prisoner exhaust his available administrative remedies before suing concerning prison conditions. 42 U.S.C. § 1997e(a); *see Porter v. Nussle*, 534 U.S. 516, 524−25 (2002). "[T]he PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter*, 534 U.S. at 532 (citation omitted). "[T]o exhaust administrative remedies, a prisoner must take all steps prescribed by the prison's grievance

3

system." *Ford v. Johnson*, 362 F.3d 395, 397 (7th Cir. 2004). Strict compliance is required with respect to exhaustion, and a prisoner must properly follow the prescribed administrative procedures to exhaust his remedies. *See Dole v. Chandler*, 438 F.3d 804, 809 (7th Cir. 2006).

### B. Mr. Miller's Use of the Grievance Process

To exhaust his administrative remedies, Mr. Miller was required to file a grievance, a Level 1 appeal, and a Level 2 appeal. Dkt. 23-1 ¶ 7. The defendants argue that Mr. Miller failed to complete the grievance process because he never filed an appeal.

The designated evidence shows that no Level 1 appeal of Mr. Miller's grievance was ever received. But Mr. Miller has attested that he did fill out the appeal form and provided it to the law library clerk, who told him it would be submitted. Dkt. 25 ¶ 5. The defendants provide no evidence to rebut this fact and it is therefore undisputed. The defendants argue, however, that even if Mr. Miller did submit a Level 1 appeal, when he did not receive a response, he was entitled to treat his appeal as denied and proceed to submit a Level 2 appeal but failed to do so.

The grievance policy permits inmates to pursue a Level 2 appeal if they do not receive a timely response to their Level 1 appeal. Dkt. 23-5 at 14. It is undisputed that, when he did not receive a response to his Level 1 appeal, Mr. Miller did not file a Level 2 appeal. And there is no evidence that he attempted to do so and could not. Therefore, the defendants have shown that Mr. Miller failed to exhaust his available administrative remedies as required by the PLRA. *See Ford*, 362 F.3d at 397.

### IV. Conclusion

Because Mr. Miller failed to exhaust his available administrative remedies, the defendants' motion for summary judgment, dkt. [21], is **GRANTED**. Mr. Miller's motion to resolve factual dispute, dkt. [31], is **DENIED**. Judgment dismissing this action without prejudice shall now issue.

**SO ORDERED.**

Date: 1/10/2022

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

NOAH MICHAEL MILLER
281583
NEW CASTLE - CF
NEW CASTLE CORRECTIONAL FACILITY - Inmate Mail/Parcels
1000 Van Nuys Road
NEW CASTLE, IN 47362

All Electronically Registered Counsel